IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JASON HUNTER, SR.

    Petitioner,
v.                                          Case No. 4:24cv119/MW/MAL

UNITED STATES MARSHAL'S
SERVICE, et al.
    Respondent.
_____/

## **REPORT AND RECOMMENDATION**

This case is before me upon referral from the clerk after Petitioner failed to comply with the Court's order directing him to file a second amended petition and its subsequent order to show cause. Upon review of the record, dismissal of the petition is now appropriate.

Petitioner initiated this case by filing a handwritten pleading titled "Exparte Civil Habeas." ECF No. 1. Petitioner, who was detained at the Florida State Hospital in Chattahoochee, Florida, submitted this document to the United States District Court for the District of Columbia in December of 2023. He raised various claims including conspiracy to obstruct justice, constructive kidnapping, false arrest, false imprisonment, personal injury, neglect and defamation by libel. ECF No. 1 at 1, 7. He sought money damages and "removal to District of Columbia." *Id.* at 7. On January 29, 2024, the District of Columbia court entered an order transferring the

case to this district, citing Petitioner's desire to be released from Florida's custody. ECF No. 3. The original case file was received in this district on March 11, 2024.

Upon initial review, the undersigned found the precise nature of Petitioner's claims difficult to discern, as he appeared to raise claims sounding in both habeas and civil rights. The Court entered an order providing Petitioner basic information about the difference between the two kinds of cases (and filing fees) and instructed him to file the appropriate form for the manner in which he wished to proceed. *See* ECF Nos. 6, 8. In response, Petitioner filed an amended petition for writ of habeas corpus. ECF No. 10. The $5.00 filing fee was assessed and paid.

The amended petition still did not appear to contain a viable habeas claim. Petitioner indicated on the form that the petition concerns a conviction, a sentence and "other," explaining other as "illegal 2023 forensic 'Hosp Brd' civil outpatient since 2022." ECF No. 10 at 2, ¶ 1(f). His grounds for relief, to the extent legible, were:

> One: CFIS-720 is a fed. Misdemeanor, Fl. Const. Art 1, s 9 violates statute at large 1790, states are no more, "former" broken up to 94 federal district, federal district & U.S. Circuits. (*U.S. v. Lee*, 540 F. 3d 84 2 Cir. 2008);
>
> Two: 2 cases, pseudonyms, false, unknown, 3-13-19. CCIS-661 (is GAIS Child support since 2017), CF 19 348 rel (2019) FCIS-661-(2019), claim, sabotage impersonator email (*U.S. v. Mejia*, 545 F. 3d 179 (2 Cir. 2008);

> Three: Judge Peter Estrada/DA Richard Castillo are involving in case of victim James Otis Baker (2005) and reopen case CFIS-729 vs. me. I was unconditional released. Judge Raida, 2017 Estrada redid, split, opinion, not legal;
>
> Four: I told Magistrate Frank (FNDFL) FL will not hear me via state habeas, told his SPU USDC Judge William Stafford, I have life threatening injuries, need surgeries, stomach, shoulder, maybe colon. Not given surgeries or colon screen, (Pain,) (Pain)
>
> Five: Also damage brain, heart discovery (2022, 2024) APRN Marien Quieres false affidavit vs. Jakcson (Marianna findings)- DFIS-729, All cases, my right, Fulton Superior, Asylum- *U.S. v. [Alvarado-]Valdez,* 521 F. 3d 337 (7 Cir. 2008).
>
> Six: Not paying not providing surgeries. CFIS-729 is a fed. MM, all fed districts (2015) AL, FL, GA & 11th Cir. I not named, unknown, not allow, F.S.-119.07 (2)(a) committed under *U.S. v. Nguyen,* 565 F. 3d 668 9 Cir. (2009)

ECF No. 10 at 3-6. Within the petition, Petitioner asserts "I CAN die, I'm injured. § 1915(g), § 1915(h) "issues heart, brain." *Id.* at 5. He also asked that he be extradited to Fulton Superior Court in Georgia. *Id.* at 6.

None of Petitioner's allegations, as presented, gave rise to a colorable § 2241 petition. It was unclear what actions Petitioner was challenging that might afford him habeas relief, or how either the facts alleged or the cases cited supported his request for extradition, which would have made it impossible for respondent to provide a meaningful response to the petition. Second, as Petitioner had been informed, allegations regarding inadequate medical care do not sound in habeas at

all. *Vaz. v. Skinner*, 634 Fed. App'x 778, 781 (11th Cir. 2015) (§ 2241 petition is not the appropriate vehicle for raising an inadequate medical care claim, as such a claim challenges the conditions of confinement, not the fact or duration of that confinement.) Finally, the Court noted the proper respondent in a § 2241 petition is "the person having custody of the person detained." 28 U.S.C. § 2243; *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004); *Gonzales-Corrales v. I.C.E.*, 522 F. App'x 619, 622 (11th Cir. 2013). Petitioner, however, named five respondents: State of Florida Governor Ron DeSantis, John Polishnowki of Florida State Hospital, Mark Glass of the Florida Department of Law Enforcement; Theodore Jackson of the Fulton County Georgia Sheriff's Department, and Paul Blackman of the Highland County Florida Sheriff's Department.

The Court gave Petitioner a final opportunity to present a viable habeas petition on or before August 5, 2024, absent which, he was warned, his case would be dismissed. He was also reminded that he must immediately file a notice with the Court in the event of an address change, transfer, or release from custody, and that the failure to do so may result in a recommendation of dismissal of the case.

Petitioner did not respond to the Court's order and on August 15, 2024, the Court entered an order to show cause why the case should not be dismissed for his

failure to comply. This order was returned to the Court as undeliverable, and Petitioner still has not responded. Nor has he filed a notice of change of address.

A trial court has inherent power to dismiss a case sua sponte for failure to prosecute. *Link v. Wabash R.R.*, 370 U.S. 626 (1962). Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss an action for failure to obey a court order, typically upon motion of the defendant. *See Moon v. Newsome*, 863 F.2d 835, 838 (11th Cir. 1989) (citing cases). Rule 41.1 of the Local Rules of the Northern District of Florida also authorizes the court to impose sanctions, up to and including dismissal, for failure to comply with a rule or court order. Thus, because Petitioner has failed to comply with Court orders necessary for the continuation of this case, the petition should be dismissed without prejudice. Alternatively, the petition can be dismissed for failure to present a viable claim under § 2241.

Accordingly, it is respectfully RECOMMENDED:

1. Petitioner's amended petition under 28 U.S.C. § 2241, ECF No. 10, be **DISMISSED** without prejudice.

2. The clerk be directed to close the case file.

At Gainesville, Florida on September 3, 2024.

s/ *Midori A. Lowry*
Midori A. Lowry
United States Magistrate Judge

## **NOTICE TO THE PARTIES**

Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.